# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) DEBORAH L. LAWSON, Individually and on behalf of others similarly situated, <br><br>           Plaintiff, <br><br> vs. <br><br> (1) PROCARE CRS, INC., dba PRO-CARE COMMUNITY RESIDENTIAL SERVICES, INC., a Domestic For Profit Business Corp., <br><br>           Defendant. | Case No. _____ <br><br> JURY TRIAL DEMANDED <br> ATTORNEY'S LIEN CLAIMED |

## COMPLAINT

Plaintiff, DEBORAH L. LAWSON, brings this action pursuant to Section 16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 et seq. (the "FLSA" or, "the Act"), on behalf of herself and all current and former employees of the Defendant, PROCARE CRS, INC., DBA PRO-CARE COMMUNITY RESIDENTIAL SERVICES, INC., who are similarly situated, for unpaid overtime compensation, prejudgment interest, liquidated damages, attorneys' fees and costs.

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff was, at all times pertinent to this action, employed by Defendant within the Northern District of Oklahoma.

2. Defendant PROCARE CRS, INC., DBA PRO-CARE COMMUNITY RESIDENTIAL SERVICES, INC. is a business entity, conducting business within the Northern District of Oklahoma.

3. Defendant is an "employer" within the meaning of the FLSA and each Plaintiff is an "employee" within the meaning of the FLSA. Plaintiff is entitled to the protection afforded by

the minimum wage and overtime provisions of the FLSA, and has standing under Section 16(b) of the Act to maintain this action on behalf of herself and other employees similarly situated.

4. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b); venue properly rests in this Court under 28 U.S.C. § 1391(b), (c).

## FIRST CLAIM FOR RELIEF

(FLSA Violation)

5. At all times material to this lawsuit, each Plaintiff has been employed in the capacity of Habilitation Training Specialist and/or Habilitation Training Specialist Supervisor/ House Manager for Defendant. Plaintiff frequently has worked in excess of forty (40) hours per week in performance of the duties assigned by Defendant.

6. Plaintiff is not exempt from the overtime compensation requirements of the FLSA under any of the exemptions set forth in the Act. Defendant has a statutory duty to maintain accurate time records covering all hours worked by Plaintiff and to compensate Plaintiff at the rate of one and one-half (1 1/2) times his regular hourly wage for all time worked in excess of forty (40) hours in one week.

7. Defendant violated the FLSA by failing to compensate Plaintiff for the hours worked in excess of forty (40) hours during the workweek at the statutory rate of one and one-half (1 ½ ) times the regular hourly rate.

8. Defendant's failure to properly compensate Plaintiff for overtime worked was neither done in good faith nor objectively reasonable, for which liquidated damages merited.

9. Defendant's failure to properly compensate Plaintiff for overtime hours worked was a knowing, willful and intentional violation of the FLSA, for which the statute of limitations should be extended to include three years of damages.

## CLASS ACTION ALLEGATIONS

10. At its various facilities, Defendant maintained centralized control and management of most, if not all, major personnel policies and procedures, specifically including those relating to compensation, such as wage administration, overtime payments and payroll. The violations of the FLSA alleged above are pervasive compensation practices implemented by Defendant at its various facilities. Plaintiff is an appropriate representative for the employees of Defendant who has been denied overtime compensation as a result of Defendant's violations of the FLSA. This potential class of Plaintiffs consists of all current and former employees of Defendant who was employed at any time during the three years preceding the filing of this action, who was employed in the capacity of Habilitation Training Specialist and/or Habilitation Training Specialist Supervisor/ House Manager, and who do not qualify for a statutory exemption from the overtime requirements of the FLSA. Plaintiff and all current and former employees of Defendant employed as Habilitation Training Specialists and/or Habilitation Training Specialist Supervisor/ House Managers are thus "similarly situated employees" within the meaning of Section 16(b) of the Act.

11. Defendant is in possession of the names, addresses and employment records of those persons similarly situated to Plaintiff and whom the Plaintiff seeks to represent. Pursuant to Section 16(b) of the FLSA, these individuals are entitled to court-administered notice of this lawsuit in order that they may elect or decline to join Plaintiff in the prosecution of this action.

## SECOND CLAIM FOR RELIEF

**(Recovery of Unpaid Wages due under 40 O.S. §§ 165.1-165.11)**

12. Plaintiff incorporates and re-alleges the above paragraphs as though fully set forth herein.

13. Plaintiff and all others similarly situated are paid wages by Defendant, as defined in *40 O.S. § 165.1(4).*

14. Defendant has a statutory duty under *40 O.S. § 165.2* to pay Plaintiff and all others similarly situated for all labor or services rendered, and specifically for all hours worked while on duty at their prescribed work places.

15. Plaintiff and all others similarly situated turned in time sheet records for labor or services rendered, and specifically for hours worked while on duty at their prescribed work places, as required by Defendant.

16. Defendant, through the acts of upper management, routinely altered these time records, by reducing the number of hours shown to be worked by the affected wage earners.

17. These alterations caused wage earners to not be paid for all compensable hours worked.

18. Plaintiff and all others similarly situated were not paid wages correctly by Defendant. Defendant violated its statutory duty to Plaintiff and all others similarly situated to pay wages to each employee for all labor or services rendered, and specifically for all hours worked, by not paying them for all hours worked.

19. Defendant's acts affected wage earners both in work weeks in which less than forty hours were worked and in work weeks in which more than forty hours were worked.

20. Plaintiff and all others similarly situated are due wages for all labor or services rendered, and specifically for all hours that were worked, for which wages were not paid correctly by Defendant.

21. Defendant has refused to pay the full amount of wages earned.

22. The aforementioned refusals were in direct violation of **_40 O.S. §§ 165.1 et seq._**

23. As a direct and proximate result of Defendant's willful violation of **_40 O.S. §§ 165.1, et seq._**, each Plaintiff has suffered, and continues to suffer, loss of wages of an amount equal to the total number of hours each worked for which each was not fully compensated.

24. Pursuant to **_40 O.S. § 165.9_**, each Plaintiff is also entitled to liquidated damages for Defendant's failure to pay wages; costs and fees of any nature; and reasonable attorney's fees for bringing this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and those current and former employees of Defendant, who are similarly situated, pray that:

A. The Court adjudge Defendant to have violated and to be in violation of the FLSA and the OPLA as to Plaintiff and each of the individuals ultimately joined herein; and

B. The Court, pursuant to Section 17 of the FLSA enjoin Defendant from any further violation of the Act; and

C. After adjudication of the amount due to each Plaintiff and to each current and former employee of Defendant, who are similarly situated and who files a Consent to Join this action, the Court enter final judgment against Defendant in the sums respectively due to each such

employee for unpaid wages, with prejudgment interest thereon, liquidated damages, attorneys' fees and costs pursuant to Section 16(b) of the FLSA and 40 O.S. § 165.9; and

D. The Court grant such other and further relief as it may deem to be just and proper.

Respectfully submitted,

/s/ Terry A. Hall_____
Terry A. Hall, OBA # 10668
LAW OFFICE OF TERRY A. HALL
PO Box 616
Choctaw, OK 74804
(405) 708-7525 phone
(405) 415-9095   fax
thall@okhnhlaw.com

Attorney for Plaintiffs