IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

**(1) DEBORAH L. LAWSON,**
**Individually and on behalf of others**
**similarly situated,**

         **Plaintiff,**

**v.**

         **Case No. 18-CV-00248-TCK-JFJ**

**(1) PROCARE CRS, INC., dba PRO-CARE**
**COMMUNITY RESIDENTIAL**
**SERVICES, INC., a Domestic For Profit**
**Business Corp.,**

         **Defendant.**

## ANSWER AND AFFIRMATIVE DEFENSES

Comes Now, Defendant Pro-Care Community Residential Services, Inc., d/b/a ProCare CRS ("ProCare" or "Defendant"), by and through its undersigned counsel, and hereby submits its Answer and Defenses to the Plaintiffs' Complaint. Each of the allegations contained in Plaintiffs' Complaint is denied, unless otherwise expressly admitted herein. Subject to the foregoing, Defendant states as follows:

## PARTIES, JURISDICTION AND VENUE

1.      Answering Paragraph 1 of the Complaint, Defendant admits that Plaintiff was employed by Defendant within the Northern District of Oklahoma.

2.      Answering Paragraph 2 of the Complaint, Defendant admits that ProCare is a business entity conducting business in the Northern District of Oklahoma.

3.      Answering Paragraph 3 of the Complaint, Defendant admits that it is an "employer" and Plaintiff is an "employee" within the meaning of the FLSA, that Plaintiff is entitled to the protection afforded by the minimum wage and overtime provisions of the FLSA,

and that Plaintiff has standing under the FLSA to maintain this action on her behalf.  Defendant denies the remainder of the allegations.

4.      Answering Paragraph 4 of the Complaint, Defendant denies any act or omission by which to establish the jurisdiction or venue of this Court, and therefore denies the allegations. Defendant admits that jurisdiction and venue are proper in this Court as to the claims set forth in the Complaint.  Defendant denies any of the acts or omissions alleged in the Complaint occurred.

## FIRST CLAIM FOR RELIEF
### (FLSA VIOLATION)

5.      Answering Paragraph 5 of the Complaint, Defendant admits that Plaintiff was employed by Defendant as a Habilitation Training Specialist and/or Habilitation Training Specialist Supervisor/House Manager for Defendant, but denies the remainder of the allegations.

6.      Answering Paragraph 6 of the Complaint, Defendant admits that it is subject to recordkeeping and overtime requirements under the FLSA, but denies the remainder of the allegations.

7.      Answering Paragraph 7 of the Complaint, Defendant denies that it violated the FLSA and the remainder of the allegations.

8.      Answering Paragraph 8 of the Complaint, Defendant denies that it violated the FLSA or failed to act in good faith, denies that Plaintiff is entitled to any damages whatsoever from Defendant including liquidated damages, and denies the remainder of the allegations.

9.      Answering Paragraph 9 of the Complaint, Defendant denies that it knowingly, willingly, or intentionally violated the FLSA, denies that Plaintiff is entitled to any damages whatsoever from Defendant, and denies the remainder of the allegations.

## CLASS ACTION ALLEGATIONS

10.     Answering Paragraph 10 of the Complaint, Defendant denies the allegations.

11.     Answering Paragraph 11 of the Complaint, Defendant admits that it maintains employment records for its employees, but denies the remainder of the allegations.

## SECOND CLAIM FOR RELIEF

12.     Answering Paragraph 12 of the Complaint, Defendant reasserts and incorporates its answers to Paragraphs 1 through 11 of the Complaint as though fully set forth herein.

13.     Answering Paragraph 13 of the Complaint, Defendant admits that it pays wages to its employees, but denies the remainder of the allegations.

14.     Answering Paragraph 14 of the Complaint, Defendant admits that it is subject to the provisions of the FLSA, but denies the remainder of the allegations.

15.     Answering Paragraph 15 of the Complaint, Defendant admits that its employees turn in time sheet records for labor or services rendered, but denies the remainder of the allegations.

16.     Answering Paragraph 16 of the Complaint, Defendant denies the allegations.

17.     Answering Paragraph 17 of the Complaint, Defendant denies the allegations.

18.     Answering Paragraph 18 of the Complaint, Defendant denies the allegations.

19.     Answering Paragraph 19 of the Complaint, Defendant denies the allegations.

20.     Answering Paragraph 20 of the Complaint, Defendant denies that Plaintiff or any other employees are entitled to any damages whatsoever and therefore denies the allegations.

21.     Answering Paragraph 21 of the Complaint, Defendant denies the allegations.

22.     Answering Paragraph 22 of the Complaint, Defendant denies the allegations.

23.     Answering Paragraph 23 of the Complaint, Defendant denies that Plaintiff or any other employees are entitled to any damages whatsoever and therefore denies the allegations.

24.     Answering Paragraph 24 of the Complaint, Defendant denies that Plaintiff or any other employees are entitled to any damages whatsoever and therefore denies the allegations.

## PRAYER FOR RELIEF

25.     Defendant denies that Plaintiff or any other employees are entitled to any damages from it whatsoever, including but not limited to those set forth in the "WHEREFORE" Paragraph or subsections (A), (B), (C), and (D) under the "WHEREFORE" Paragraph under the Prayer for Relief of the Complaint.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.     Plaintiff's claims, and some or all of the alleged collective action and/or class action members' claims, are barred in whole or in part by the doctrine of laches, estoppels and/or waiver.

3.     Plaintiff's claims, and some or all of the alleged collective action and/or class action members' claims, are barred in whole or in part by the doctrine of accord and satisfaction.

4.     Plaintiff's claims, and some or all of the alleged collective action and/or class action members' claims, are barred by the applicable statute(s) of limitations.

5.     No employees are similarly situated to Plaintiff.

6.     The claims alleged are not claims that are appropriately resolved through a collective action.

7.     Neither Plaintiff's Complaint, nor any purported facts alleged therein, state facts sufficient to satisfy numerosity, typicality, commonality, adequacy of representation, predominance, or superiority.

8.     Plaintiff, and the alleged class members, were paid all wages to which they were entitled.

9.     Plaintiff, and some of the alleged collective action and/or class members, are exempt employees under the FLSA white collar exemptions (administrator, executive, and/or professional), and thus not entitled to overtime compensation.

10.     Plaintiff's claims, and some or all of the alleged collective action and/or class action members' claims, are barred in whole or in part to the extent that the work they performed falls within exemptions, exclusions, exceptions, or credits to payment of overtime under the FLSA and other laws.

11.     Defendant's alleged actions or omissions giving rise to the alleged violations of the FLSA were done in good faith and in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation of the Department of Labor, or any administrative practice or enforcement policy of the Department of Labor.

12.     Defendant's alleged actions or omissions giving rise to the alleged violations of the FLSA were in good faith, and Defendant had reasonable grounds for believing that its acts or omissions were not a violation of the FLSA.

13.     Plaintiff's claims, and some or all of the alleged collective action and/or class action members' claims, are limited to the time period of two (2) years from the date the Complaint was filed.

14.     Without admitting that any violations of the FLSA have occurred, Plaintiff's claims, and some or all of the alleged collective action and/or class action members' claims, are barred by the de minimis doctrine.

15.     Defendant reserves the right to assert any additional affirmative defenses as discovery proceeds.

WHEREFORE, based on the above and foregoing reasons, Defendant respectfully requests that judgment be entered in its favor and against Plaintiff, that Plaintiff take nothing, and that Defendant be awarded its costs and fees incurred in this action.

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

*s/Molly A. Aspan*
Molly A. Aspan, OBA #19752
320 South Boston Avenue, Suite 200
Tulsa, OK  74103-3706
Telephone:  (918) 594-0595
Facsimile:  (918) 594-0505
Email:  maspan@hallestill.com

**ATTORNEY FOR DEFENDANT, PRO-CARE COMMUNITY RESIDENTIAL SERVICES, INC. D/B/A PROCARE CRS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of July, 2018, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the Following ECF registrants:

Terry A. Hall
LAW OFFICE OF TERRY A. HALL
P. O. Box 616
Choctaw, OK  74804

*s/Molly A. Aspan*
Molly A. Aspan

3591315.1:712835:00550