# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBORAH L. LAWSON, Individually and on behalf of others similarly situated, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 18-CV-00248-TCK-JFJ ) |
| PROCARE CRS, INC., dba PRO-CARE COMMUNITY RESIDENTIAL SERVICES, INC., a Domestic For Profit Business Corp., | ) ) ) ) |
| Defendants. | ) ) |

## OPINION AND ORDER

Before the Court are (1) the Parties' Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice ("Approval Motion") (Doc. 15) and (2) the Parties' Joint Motion for Leave to File Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice *Under Seal* ("Motion to File Under Seal") (Doc. 16). Because the Court is not required to approve the Settlement Agreement, the Parties' Approval Motion (Doc. 15) and Motion to File Under Seal (Doc. 16) will be held in abeyance for ten (10) days, pending the Parties' filing the appropriate Notice, as described *infra*.

### I.  Background

Plaintiff Deborah L. Lawson and the other Plaintiffs who filed Consents to Join (collectively, "Named Plaintiffs"), seek payment of overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and Okla. Stat. tit. 40, §§ 165.1, *et. seq*. On May 8, 2018, Plaintiff Lawson filed a Complaint on behalf of herself and all others similarly situated alleging that, at all times relevant to her lawsuit, she was employed as a Habilitation Training Specialist and/or Habilitation Training Specialist Supervisor/House Manager for

1

Defendant Procare CRS Inc. ("Defendant"). Plaintiff Lawson further alleges that while serving in those positions, she was not exempt and was therefore entitled to one and one-half times her regular hourly wage for all time worked in excess of forty (40) hours in one week. However, despite her status as not exempt, Plaintiff Lawson frequently worked in excess of forty (40) hours per week, but did not receive overtime compensation for the hours worked in excess of forty (40) hours.

Two days after Plaintiff initiated this lawsuit, on May 10, 2018, fourteen other employees executed Consents to Join.[1] (Doc. 4.) The Court entered a scheduling order on July 27, 2018, setting the close of discovery on December 27, 2018. (Doc. 13.) It appears from the parties' lack of filings that discovery proceeded without incident after that point. Finally, on December 21, 2018, the parties filed their Approval Motion (Doc. 15) and Motion to File Under Seal (Doc. 16).

As set forth in the parties' Joint Motions (Docs. 15 and 16), the parties seek approval of the Confidential Settlement Agreement and Full and Final Release of Claims ("Settlement Agreement") between Defendant and the Named Plaintiffs only. Defendant does not admit any liability in the Settlement Agreement. (Doc. 15, pg. 2). However, the parties agree as to the maximum amount that each Named Plaintiff would recover if the Named Plaintiffs were to "fully succeed" on their claims. (Doc. 15, pg. 6.) The parties appear to further agree to a distribution of the Settlement Amount such that each Named Plaintiff receives at least 75% of the amount that they would have received had they been fully successful on their claims. (Doc. 15, pg. 7.) Finally, both parties allege that the Settlement Agreement is fair and reasonable. (Doc. 15, pg. 2.)

---

[1] The fourteen employees who executed consents to join are: Queshnia Lashau Ackerson, Karissa Eileen Allen, Tonia Renea Corbett, Dianna Teresia Demery, Gwenella Marie Hall, Rhonda Denise Hall, Courtney Ann Harvel, Summer D Holkum, Crystal Renee Lopez, Charity Nicole Mahone, Ronald DeLane Pozek, Kevin D Risley, Ashton M Williams, and Patsy Yandell.

**II.     Governing Law**

The parties allege that an employee's claim for unpaid wages pursuant to the FLSA may be settled through a private agreement where the Court has the opportunity to "scrutinize the settlement for fairness" and the proposed settlement presents a reasonable compromise over issues that are actually in dispute with regard to a pending FLSA claim. *Lynn's Food Stores v. U.S.*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). However, this extensive review of every FLSA settlement has never been required by the Tenth Circuit. *See Arnold v. Navika Capital Grp., LLC*, No. 14-cv-378-GKF-FHM, 2016 U.S. Dist. LEXIS 184053 (N.D. Okla. May 20, 2016). Indeed, the standard that the parties themselves cite is the standard under which the Tenth Circuit reviews class action settlements. (Doc. 15, citing *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002). Moreover, though Tenth Circuit district courts are split regarding the application of *Lynn's Food Stores* in this circuit, the majority of districts, including this district, have held that such approval is not necessary. *Compare Geist v. Handke*, No. 2:17-cv-02317-HLT, 2018 U.S. Dist. LEXIS 200875 (D. Kan. Nov. 28, 2018) (applying the Eleventh Circuit's reasoning); *XPO Logistics, Inc. v. Leeway Global Logistics, LLC*, No. 2:15-cv-00703-CW, 2018 U.S. Dist. LEXIS 6176 (D. Utah Jan. 12, 2018) (evaluating an FLSA settlement) *with Arnold*, 2016 U.S. Dist. LEXIS 184053(holding that FLSA settlements do not require court approval); *Fails v. Pathway Leasing LLC*, No. 18-cv-00308-CMA-MJW, 2018 U.S. Dist. LEXIS 196319 (D. Colo. Nov. 19, 2018) (same) *Serna v. Bd. of Cty. Comm'rs of Rio Arriba Cty.*, No. 17-cv-196-RB-KBM, 2018 U.S. Dist. LEXIS 170875 (D. N.M. Oct. 3, 2018) (same).

**III.    Judicial Approval of Settlements of Non-Bona Fide Disputes**

The FLSA itself does not require court approval for all FLSA settlements. Rather, the practice of seeking judicial approval for all FLSA settlements stems from an Eleventh Circuit

decision which held that "there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement . . . is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *See Lynn's Food Stores*, 679 F.2d at 1355. However, as other Tenth Circuit district courts have noted, the Eleventh Circuit's holding is essentially limited to the facts of the case. *See Fails*, 2018 U.S. Dist. LEXIS 196319; *Serna*, 2018 U.S. Dist. LEXIS 170875. In *Lynn's Food Stores*, the Court addressed a case where an employer attempted to subvert the Department of Labor's enforcement authority by settling directly with employees after it was unsuccessful in settling with the Department of Labor itself. Because the employees were not party to the litigation, the Court held that the settlement agreement attempted to settle what did not amount to a bona fide dispute. *See Lynn's Food Stores*, 679 F.2d at 1352.

In settlements of what does not amount to a bona fide dispute, requiring judicial approval of the settlement is in line with other cases in which courts require approval, such as class action settlements under Fed. R. Civ. P. 23 ("Rule 23") and settlements involving infants or incompetent individuals. *See Ruiz v. Act Fast Delivery of Colo. Inc.*, No. 14-CV-00870-MSK-NYW, 2017 U.S. Dist. LEXIS 4821, *7 (D. Colo. Jan. 9, 2017) ("In modern jurisprudence, only a narrow range of settlements require court approval. Among them are settlements in Rule 23 class actions and settlements involving infants or incompetent persons.") In such cases, not all affected parties are directly before the Court. *Id.* Similarly, in a case where parties are not settling a bona fide dispute, all parties may not be party to the litigation, and therefore are not directly before the Court. Moreover, in such cases, one or more parties may not be represented by counsel and may not fully understand the content of the settlement agreement. *See Fails*, 2018 U.S. Dist. LEXIS 196319 at *8. Further, if one or more parties to the settlement is not represented by counsel, the factual and

legal arguments may not have been fully developed through adversarial litigation. *Serna*, 2018 U.S. Dist. LEXIS 170875, at *11. Accordingly, settlements of non-bona fide disputes may, depending on the circumstances, be one of the narrow range of settlements that require judicial approval.

The policy concerns that justify requiring judicial approval of settlements of non-bona fide disputes are on full display in *Lynn's Food Stores*. In *Lynn's Foods Stores*, the employers' settlement with its employees was the employer's attempt to circumvent the Department of Labor's enforcement authority, as the employer had failed to settle with the Department of Labor, which initiated the case. *See* 679 F.2d at 1352. By contrast, the employees who settled with their employer did not choose to initiate a case against their employer. *Id.* They were not represented by counsel, and some did not even speak English. *Id.* at 1354. Moreover, the Eleventh Circuit's description of the settlement negotiations between the employer and employees suggests that employees may have been pressured into signing the settlement agreements. *Id.* Accordingly, it was in keeping with the policy concerns that have justified requiring judicial approval of settlements to require judicial approval of the settlement in *Lynn's Food Stores*.

### IV. Judicial Approval is Not Required for Settlements of Bona Fide FLSA Disputes

While the character of settlements of non-bona fide disputes may justify requiring judicial approval, nothing in either *Lynn's Food Stores* or the policy justification supporting judicial approval requires or justifies expanding this settlement restriction to the settlement of bona fide FLSA disputes as well. Unlike settlements of class actions, cases involving infants or incompetent persons, or settlements of non-bona fide disputes, FLSA claims are opt-in, meaning that the named Plaintiffs are represented by counsel and are actively engaged with the litigation. *See Fails*, 2018 U.S. Dist. LEXIS 196319, *8-9. Additionally, the factual and legal issues relevant to the claims

5

and defenses at issue have been developed through adversarial litigation. *See Serna*, 2018 U.S. Dist. LEXIS 170875, *11. In such a case, if FLSA Plaintiffs accept a settlement with their employer, it is likely that they understand the content of the settlement agreement and it is unlikely that the settlement is a result of undue pressure or poor or nonexistent legal advice. Accordingly, there is little justification to include FLSA settlements in the narrow range of settlements that require court approval.

For the same reasons, the instant case does not require judicial approval of a settlement. This case bears no similarities to *Lynn's Food Stores*, and does not implicate any of the policy concerns that support requiring judicial approval of a settlement. First, Plaintiff Deborah Lawson initiated this lawsuit, and the other Named Plaintiffs similarly made the affirmative decision to file a Notice of Consent to Join. This indicates that the Named Plaintiffs are actively engaged with the litigation. Moreover, the Named Plaintiffs were represented by counsel at all relevant times throughout this litigation. This indicates that the relevant factual and legal concerns have been developed through adversarial litigation. For example, Plaintiffs' attorney appears to have conducted factual and legal research regarding their claims to support filing the Complaint. Further, the parties filed their Approval Motion just one week before the close of discovery, suggesting that the parties had already engaged in all discovery necessary to agree to the total potential value of the Named Plaintiffs' claims, and identify legal and factual disputes. (Doc. 15, pgs. 3-7.) Finally, because the parties were actively engaged with the litigation and represented by counsel, it is unlikely that the settlement is a result of undue pressure or poor or nonexistent legal advice.

Because the parties have settled a bona fide dispute and there appears to be no defect in the process of negotiating the settlement, the Court is not required to review the merits of the

settlement agreement. Accordingly, within ten (10) days of this order, the parties shall file a Notice with the Court, advising whether they still wish for the Court to review the merits of the settlement agreement. If the parties no longer wish for the Court to review the merits of the settlement agreement, to terminate the litigation the parties shall simply advise the Court that all claims have been resolved and that they desire to dismiss the case.

V.      **Motion for Leave to File Under Seal (Doc. 16)**

Local Civil Rule 79.1(a) provides that "[i]t is the policy of this Court that sealed documents, confidentiality agreements, and protective orders are disfavored. Sealed documents and confidentiality agreements may be approved by the Court only upon a showing that a legally protected interest of a party, non-party or witness outweighs the compelling public interest in disclosure of records."

Because the Court is not required to review the merits of the settlement agreement, the public has no compelling interest in the disclosure of the parties' Approval Motion and Settlement Agreement. Accordingly, the parties' filings have been sealed, and shall remain sealed until the parties inform the Court whether they still wish for the Court to review the merits of the settlement. If the parties no longer wish for the Court to review the merits of the settlement agreement, the motions shall remain sealed and will be denied as moot upon the parties' filed stipulation of dismissal. If, however, the parties do wish for the Court to review the merits of the settlement agreement, the Court will also review the parties' Motion for Leave to File Under Seal for compliance with Local Civil Rule 79.1(a) at that time.

**IT IS THEREFORE ORDERED** that within ten (10) days, the parties shall file a Notice with the Court advising whether they still wish for the Court to review the merits of the settlement agreement. If the parties do wish for the Court to do so, the Court will review both the Approval

Motion (Doc. 15) and the Motion for Leave to File Under Seal (Doc. 16) at that time. If the parties no longer wish for the Court to review the merits of the settlement agreement, to terminate this case, the parties may include in their Notice that all claims have been resolved, and that the parties desire to dismiss the case.

**DATED THIS 4th day of January, 2019.**

**TERENCE C. KERN
United States District Judge**